### PRIORITY UNDER A BUILDING CONTRACT.

Court of Appeals for Hamilton County.

LOUIS MOESSER v. ENTERPRISE LUMBER CO. ET AL.

Decided, October, 1915.

*Mechanic's Liens—Legality of Payments to Sub-Contractors and Material-Men on the Day of the Filing of a Lien—Right to Pro Rate Lost by Failure to File Statements With Owner.*

An owner is not required to stop payment of checks mailed to sub-contractors and material-men on the same day a mechanic's lien was filed by a creditor not included among those to whom checks were sent, where the amount remaining due from the owner is more than the total amount of the checks and the lien; but sub-contractors and material-men who failed to file with the owner itemized statements of the amounts due them within ten days after the filing of the lien are not entitled to pro rate with the lien-holder and the payees of the checks.

*Chas. M. Leslie,* for plaintiff in error.

*W. F. Chambers, Hunt, Bennett & Utter, Miller & Foster, W. A. Rinckhoff, Wolf & Bailey, Tuttle & Ross* and *Hackett, Yeatman & Harris,* contra.

JONES (Oliver B.), J.

The proceeding below was brought by the Enterprise Lumber Company seeking to recover the amount due to it for materials furnished for the construction of a house by the Louis Belmont Company as head contractor for Louis Moesser, plaintiff in error herein.

The Enterprise Lumber Company filed a claim as material man, in accordance with Section 8324, General Code. There is no dispute but that it followed the statute and perfected a material-man's or sub-contractor's lien upon the balance due from the owner for the construction of said house. This affidavit

and notice to the owner thereunder were filed April 10, 1913, and the amount found due to the Enterprise Lumber Company thereunder was $483.24, with interest.

On the day previous to the filing of this notice plaintiff in error claims to have drawn checks to certain sub-contractors and material-men amounting to $550.15 which were put in the mail on the morning of April 10, 1913. If this were done as claimed, before receipt of notice from the Enterprise Lumber Company, it was still within the power of plaintiff in error to have stopped payment upon these checks if the amounts covered by them would reduce the amount due for the construction of said house to a sum less than the amount claimed by the sub-contractor's lien. The question is raised between the parties as to whether these checks were actually mailed before the notice was filed, but as the amount found to be due in addition to the amount of these checks is larger than that due the Enterprise Lumber Company, it becomes immaterial as to it, whether they were beyond the control of plaintiff in error before the receipt of the notice served upon him for said Enterprise Lumber Company's lien.

Under the terms of Section 8328, General Code, in order that other sub-contractors might be permitted to pro-rate with the Enterprise Lumber Company it was necessary for them, within ten days from the date of the filing of the lien by the Enterprise Lumber Company with the county recorder, to file sworn and itemized statements of their several accounts with the owner. The record shows that no such statement was filed by any of the sub-contractors who are parties herein, earlier than April 30, 1913. Therefore, under the terms of the statute, which has been so construed in the case of *Hayden Saddlery Hardware Co.* v. *State,* 3 C. C., 67, the Enterprise Lumber Company was entitled to be first paid out of the fund; and as the checks of the owner aggregating $550.15, which were mailed April 10, 1913, were then due and were paid before any statements as to other claims were filed, in accordance with the terms of Section 8328, General Code, these payments made by these checks must be

treated as proper payments as far as all other sub-contractors and material-men are concerned.

The judgment of the lower court was, therefore, erroneous in finding that the owner must be deemed as having in his hands $1,103.40 subject to the payment of claims. The payments made by the owner's checks of April 10, 1913, should have been deducted from this amount and the balance with interest, only, would be available for the claims of all sub-contractors and material-men, out of which the Enterprise Lumber Company must first be paid and the balance pro-rated among other claims.

The judgment of the lower court is therefore reversed and the cause remanded for further proceedings.

GORMAN, J., concurs.  JONES (E. H.), P. J., not sitting.